**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **EQUISTAR CHEMICALS,** *et al* | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:14-CV-68** |
| | § | |
| | § | |
| **WESTLAKE CHEMICAL** | § | |
| **CORPORATION** | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Relief from Judgment and a New Trial, or in the Alternative for Additional Discovery (ECF 225). For the reasons set out below, the motion is **DENIED**.

### Background

The above-styled patent infringement lawsuit proceeded to a jury trial and resulted in a unanimous jury verdict of no infringement on March 11, 2016. In the present motion, Plaintiffs seek relief from judgment of non-infringement and a new trial on the issues of infringement and damages.

Plaintiffs argue that the centerpiece of Defendant's non-infringement case was production data from one day of manufacturing a single accused product. Plaintiffs assert that the production data turned out to be from a day on which the plant was having problems and the product was downgraded. Plaintiffs assert that Defendant and its expert witness, Dr. Rauwendaal, misled the jury into believing that the data presented was accurate and representative of Defendant's normal product run. This misrepresentation allegedly infected the jury's verdict of non-infringement and prevented Plaintiffs from having a full and fair opportunity to present their case.

1

Plaintiffs assert that, to defeat infringement, Defendant argued to the jury that it actually makes its Tymax product with an extensive heat history that would create cross-linking to show that it does not minimize cross-linking.  Dr. Rauwendaal, however, allegedly relied on misrepresentative data from a single day when the product was mixed at a higher temperature.  Mr. Laplante, an employee of Defendant, testified that the data was representative with respect to the heat of the process.  Plaintiffs argue that the testimony by Dr. Rauwendaal and Mr. Laplante that the April 23, 2014 data was representative of Defendant's process is contradicted by Defendant's recipe sheet for GT4157 and by Dr. Jordens' declaration concerning the proper temperature for Defendant's process.  According to Plaintiffs, the fact that Defendant classified that day's product as "wide spec" and sold it at a lower price than in-spec GT4157 shows that the April 23, 2014 data is not representative.  Plaintiffs submit that the product produced on April 23, 2014 and shipped to Bemis Curwood was considered for customers that allow for higher black speck limits because of the irregularities that occurred at the plant that day.  At a minimum, Plaintiffs contend that they should be permitted additional discovery on Defendant's data and sales.  Specifically, Plaintiffs seek production data for each run of the accused Tymax products from April 2013 to April 2015.

In response, Defendant points out that Plaintiffs attempted to surprise Dr. Rauwendaal on cross-examination with an argument that there was a discrepancy in the data for the April 23, 2014 run.  Plaintiffs relied on documents that were in their possession long before trial.  Namely, Plaintiffs used the recipe sheet for GT4157 which was produced to Plaintiffs nineteen months prior to trial and the declaration of Dr. Jordens that was in Plaintiffs' possession before the lawsuit was filed.  Defendant asserts that its evidence showed that the problems referenced in emails concerning April 23, 2014 concerned things that did not occur in the extruder.  Instead, the emails reference a problem with clogging in the screen pack.  In addition, Defendant asserts that it produced evidence

showing that the temperature was constant that day.  Defendant argues that the recipe sheet is not a specification and prime product was produced that day.

Defendant denies that there is any evidence of misleading or fraudulent testimony.  There was no newly discovered evidence that Plaintiffs relied on to cross-examine Dr. Rauwendaal or any of Defendant's witnesses.  In addition, Defendant argues that Plaintiff had ample opportunity to question Defendant's witnesses and, indeed, questioned Mr. Laplante and Dr. Rauwendaal extensively about the events that occurred on April 23, 2014.  When the email referencing a problem on April 23, 2014 was discussed at trial, Plaintiffs did not request additional discovery.

## Applicable Law

Plaintiffs seek relief from judgment pursuant to FED. R. CIV. P. 60(b)(3).  Pursuant to Rule 60(b)(3), the Court may relieve a party from judgment when there is fraud, misrepresentation, or misconduct by an opposing party.  When the issue presented is procedural and not unique to patent law, the issue is reviewed under the law of the regional circuit.  *Fiskars, Inc. v. Hunt Manufacturing Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002).  At the hearing, the parties agreed that Fifth Circuit law applies to the analysis of Plaintiffs' Rule 60(b)(3) motion.

Seeking relief pursuant to Rule 60(b)(3) places the burden on the movant to show by clear and convincing evidence that the opposing party obtained a verdict through fraud, misrepresentation or other misconduct.  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).  The decision whether to grant or deny a Rule 60(b) motion lies within the sound discretion of the trial judge.  *Hesling v. CSX Transporation, Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).  To succeed, Plaintiffs must show: (1) that Defendant engaged in fraud or other misconduct, and (2) that this misconduct prevented Plaintiffs from fully and fairly presenting their case.  *Id.* at 641.

Plaintiffs also seek a new trial pursuant to Rule 59.  After a jury trial, the Court may grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in

an action at law in federal court."  FED. R. CIV. P. 59(a).  "A new trial may be granted, for example, if the district court finds the verdict is against the great weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."  *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985).  "Any error in the admission or exclusion of evidence 'should not be the basis for setting aside the judgment' unless 'the substantial rights of the parties were affected.' "  *Retractable Technologies, Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296 (Fed. Cir. 2011) (quoting *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994)).

## Analysis

Notably, Plaintiffs do not allege and have not shown any evidence that was withheld by Defendant.  Plaintiffs had all of the evidence that they now rely upon for arguing that the specific production data relied upon by Defendant at trial is abnormal long before the case proceeded to trial.  Plaintiffs additionally knew what production data Dr. Rauwendaal relied upon in forming his opinion when his expert opinion was disclosed prior to trial and prior to his deposition.

Instead, the parties are in disagreement as to whether the April 23, 2014 data is representative of Defendant's product.  Plaintiffs argue that Defendant specifically chose a date for production data when temperatures were higher during the process in an attempt to support its theory that Defendant encourages, as opposed to minimizes, cross-linking in its process.  A Rule 60(b)(3) motion is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect."  *Hesling*, 396 F.3d at 641 (citing *Rozier*, 573 F.2d at 1339)).  Plaintiffs extensively explored the issue throughout the trial and argued to the jury that the data relied upon from April 23, 2014 was not representative.  Plaintiffs summarized that argument in closing at trial:

> I told you in opening that there would be evidence of Westlake's attempt to conceal their infringing activity of what they do and how they do it, and I submit to you during Mr. Laplante's cross-examination that we got to the truth of the matter. Because Westlake, it turns out—Westlake, it turns out, fed their own expert bogus

> data so that he could come in here and give you the opinion that the heat was actually higher than it's really supposed to be.  He could have selected any data he wanted to; and he picked April 23rd, a day when the plant was operating too hot and having a lot of unusual troubles.

*See Trial Transcript*, ECF 217, at *169 (transcript p. 1492, ll. 2–13).   Ultimately, the jury considered the credibility of the witnesses and determined the facts, including the arguments now made by Plaintiffs in the present motion.  To succeed on a Rule 60(b)(3) motion, it is not enough for Plaintiffs to disagree with the jury's fact finding.  There must be a showing by clear and convincing evidence of misconduct by the opposing party that denied them a full and fair opportunity to present their case.  *Hesling*, 396 F.3d at 641.

The cases relied upon by Plaintiffs are readily distinguishable from the facts in this case.  In *Fraige*, the Court was faced with forged prior art and related witness testimony.[1]  The *Viskase* case concerned perjury.[2]  At best, the allegations here amount to inconsistencies or discrepancies in the evidence.  There is no evidence of forgery, lies or perjury.   In addition, there is no basis for post-judgment discovery on the issue.  All of the documents requested by Plaintiffs were produced well in advance of trial.  Unlike *Viskase* where the court permitted post-judgment discovery, there is no evidence of perjury to justify further discovery.  There is no evidence in this case of conduct by Defendant that interfered with Plaintiffs' ability to present their case to the jury.

## Conclusion

Here, Plaintiffs have not met their burden of proving by clear and convincing evidence that Defendant obtained a verdict through fraud, misrepresentation, or other misconduct.  Plaintiffs have not shown that they were prevented from fully and fairly presenting their case.  Plaintiffs' motion additionally does not show that the jury's finding is against the great weight of the evidence such that a new trial or additional discovery is warranted pursuant to Rule 59.  It is therefore

---

[1] *Fraige v. American-National Watermattress  Corp.*, 996 F.2d 295 (Fed. Cir. 1993)
[2] *Viskase Corp. v. American National Can*, 261 F.3d 1316 (Fed. Cir. 2001).

**ORDERED** that Plaintiffs' Motion for Relief from Judgment and a New Trial, or in the Alternative for Additional Discovery (ECF 225) is **DENIED**.

## So ORDERED and SIGNED this

**Dec 29, 2016**

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE